**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL No. 6:02cr56-1 |
| | § | |
| CLAUDE RAY TURNER | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 28, 2009, the Court conducted a hearing to consider the United States' petition to revoke the supervised release of Defendant Claude Ray Turner. The United States was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Wayne Dickey, Assistant Federal Public Defender.

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of ten (10) years. The United States Sentencing Guidelines prescribed an imprisonment range, based on a total offense level of twelve (12) and a criminal history category of VI, was thirty (30) to thirty-seven (37) months. On January 13, 2003, United States District Judge John Hannah Jr. sentenced Defendant to thirty (30) months imprisonment and two (2) years supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse treatment and testing. On July 11, 2007, Defendant completed his term of imprisonment and began the two (2) year term of supervised release.

Under the terms of supervised release, Defendant was 1) prohibited from committing another federal, state, or local crime; 2) prohibited from any unlawful use of a controlled substance and required to submit to drug testing within fifteen (15) days of release from imprisonment and at least

two periodic drug tests thereafter; and 3) required to notify the probation officer ten days prior to any change of residence or employment. In its petition, the government alleges that Defendant violated these conditions by 1) being arrested by the Smith County Sheriff's Office on January 30, 2009, for the felony criminal offense of Delivery of a Controlled Substance more than four (4) grams less than two-hundred (200) grams; 2) submitting urine specimens to the probation officer on December 28, 2007, that tested positive for marijuana; on January 8, 2008, that tested positive for marijuana and cocaine; and on January 15, 2008, that tested positive for marijuana and cocaine; and 3) moving from his residence on or about January 26, 2009 to a residence unknown to the probation officer and failing to notify the probation officer ten (10) days prior to said change.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than five (5) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). According to Title 18 U.S.C. § 3583(g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection(e)(3). The original offense of conviction was a Class C felony. Therefore, the maximum imprisonment sentence is two (2) years.

Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by committing the felony offense of Delivery of a Controlled Substance of more than four (4) grams and less than two-hundred (200) grams, Defendant will be guilty of committing a Grade A violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline

imprisonment range for a Grade A violation is thirty-three (33) to forty-one (41) months. U.S.S.G. § 7B1.4(a). However, in this case, the statutory maximum imprisonment sentence is twenty-four (24) months. Therefore, for a Grade A violation and a criminal history category of VI, the imprisonment range is twenty-four (24) months.

The Sentencing Guidelines further indicate that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by possessing cocaine, as determined by positive urine test for cocaine, he will be in violation of Texas Health and Safety Code § 481.115 and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. U.S.S.G. § 7B1.4(a) indicates that the applicable revocation imprisonment range, based on a Grade B violation and a criminal history category of VI, is twenty-one (21) to twenty-seven (27) months. However, in this case, the statutory maximum imprisonment sentence is twenty-four (24) months. Therefore, for a Grade B violation and a criminal history category of VI, the guideline imprisonment range is twenty-one (21) to twenty-four (24) months.

Section 7B1.1(a) of the Sentencing Guidelines indicates that if the Court finds by a preponderance of the evidence that Defendant violated conditions of supervision by using marijuana and cocaine, as determined by positive urine tests for marijuana and cocaine, Defendant will be guilty of committing a Grade C violation, for which the Court may revoke probation or supervised release; or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is eight (8) to fourteen (14) months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to the allegation that Defendant violated conditions of release by moving from his residence on or about January 26, 2009, to an unknown address and failing to notify the probations officer ten (10) days prior to said change. Further, the parties agreed to recommend fourteen months (14) imprisonment.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fourteen (14) months with no supervised release to follow. The Court further **RECOMMENDS** that Defendant be imprisoned at the Seagoville facility.

The parties have waived their right to object to the findings and recommendation of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 28th day of April, 2009.**

*[signature: John D. Love]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE